```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

RALPH SILFRED BACA,            )
                               )
          Plaintiff,           )
                               )
v.                             )     Case No. CIV-17-256-RAW-KEW
                               )
COMMISSIONER OF SOCIAL         )
SECURITY ADMINISTRATION,       )
                               )
          Defendant.           )
```

**REPORT AND RECOMMENDATION**

Plaintiff Ralph Silfred Baca (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 63 years old at the time of the ALJ's decision. Claimant completed his high school education with some college. Claimant has worked in the past as a customer service representative for an airline and telephone company and loss prevention security person.  Claimant alleges an inability to work beginning July 3, 2014 due to limitations resulting from degenerative disc disease, lumbar spine post multiple surgeries, spinal cord stimulator,

3

chronic pain syndrome, high blood pressure, coronary artery disease, diabetes, and medication side effects.

## Procedural History

On July 15, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 9, 2016, Administrative Law Judge ("ALJ") James Stewart conducted an administrative hearing in Tulsa, Oklahoma. On April 11, 2016, the ALJ issued an unfavorable decision. On May 2, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly assess Claimant's RFC; and (2) failing to properly analyze Claimant's subjective statements.

4

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine; post multiple surgeries; post laminectomy syndrome; chronic pain syndrome; diabetes; and coronary artery disease. (Tr. 19). The ALJ concluded that Claimant retained the RFC to perform a full range of sedentary work, which the ALJ defined as "including work that requires straight sit down, with little or no standing or walking, except as follows: No climbing of ladders, ropes, or scaffolds. Stooping, crouching, crawling, kneeling, climbing ramps or stairs, balancing can be done occasionally." (Tr. 21).

At step four, the ALJ concluded Claimant was capable of performing his past relevant work as a customer service representative (airlines) or customer service representative (phone company). (Tr. 23-24). As a result, the ALJ found Claimant was not under a disability from July 3, 2014 through the date of the decision. (Tr. 24).

Claimant contends the ALJ failed to properly evaluate his RFC. In particular, Claimant asserts that the ALJ did not consider his limitations in sitting in contemplating his RFC. The ALJ concluded that "[t]here is no medical record supporting his claim that his condition worsened after he left his last job." He found that

Claimant was doing well with his spinal stimulator and intermittent pain medication. He also determined Claimant did not report to his physicians that he could only sit for short periods of time or had to use a recliner. The ALJ found Claimant stated he did not have problems with sitting in the functional report. (Tr. 23).

In fact, the medical record of Dr. Adam Wallace, a pain specialist, from October of 2014 after Claimant's last job ended in July of 2014 indicated that Claimant had post lumbar laminectomy pain syndrom with persistent radiculopathy. His right low back pain had worsened as had his right lateral lumbar radiculopathy. Claimant was concerned he no longer had a solid fusion in his lumbar spine. He also felt that the spinal stimulator was no longer covering his pain. (Tr. 342). Moreover, a CT scan from November of 2014 showed at least moderate narrowing of the central spinal canal at L3-4 due to a well-corticated osseous fragment about the dorsal aspect of the intervertebral disc space. Moderate neuroforaminal narrowing was found at L3-4 and L4-5 on the left and mild to moderate neuroforaminal narrowing was found at L3-4 and L4-5 on the right. (Tr. 340). This demonstrated a worsening in the condition from a similar scan in 2012. (Tr. 336). Additionally, Claimant indicated that he reclined and rested (Tr. 204) and experienced increased difficulty getting up and down and spent more time in the recliner. (Tr. 214, 217). Finally, in a consultative

examination by Dr. Subramaniam Krishnamurthi on August 27, 2014, it was noted that Claimant walked normally with no cane with a stable gait but his heel and toe walking was difficult, his speed was slow due to pain, and he had a slight difficulty sitting on the examination table due to back pain.  (Tr. 291).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations."  White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001).  A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p.  The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id.  The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  Id.  However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th

Cir. 2012). By failing to recognize the medical evidence concerning Claimant's ability to sit and consider the effects of these limitations, the ALJ's RFC was not supported by substantial evidence. On remand, he shall consider the evidence of this limitation and reformulate his RFC accordingly.

## Credibility Determination

Claimant also contends the ALJ failed to properly assess his credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ based a good portion of the rejection of Claimant's subjective statements upon the finding that his condition had not worsened - a finding now determined to be suspect in light of the medical record. As a result, the ALJ shall re-evaluate Claimant's credibility on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

8

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE